# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JERMAINE LAMAR KIRKLAND**                                                            **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:10CV-P308-H**

**HARDIN COUNTY DETENTION CENTER**                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow Plaintiff's claim to proceed for further development.

Plaintiff Jermaine Lamar Kirkland, a convicted inmate currently incarcerated at the Kentucky State Penitentiary, acting *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Hardin County Detention Center (HCDC) in its official capacity. Plaintiff alleges that he was placed in segregation at HCDC on September 10, 2008, after an escape attempt and assault on a guard. Plaintiff states that thereafter he was classified as "a very high escape risk." Additionally, he says they "made a rule" that two guards had to escort Plaintiff at all times. Plaintiff says that "when it was time for lawyer call, I was either told the guards had to check with the captain of the jail, or they didn't have two guards available to escort me to the phone." Plaintiff claims that this continued from "September of 2008 til August of 2009 where I was transferred to another facility. I never got to phone my attorney once." Plaintiff also alleges that his attorney mailed him a "discovery packet" that HCDC intentionally hid from him.

The Court construes Plaintiff's claim against the Hardin County Detention Center in its official capacity as a claim against Hardin County. *See Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County

Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

A pretrial detainee may bring suit under 42 U.S.C. § 1983 for violation of the Sixth Amendment right to counsel in situations where a jail has prevented him from using the telephone to contact his counsel or has otherwise interfered with the attorney-client relationship. In certain instances, telephone restrictions can also violate the First and Fourteenth Amendments. *See Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991). More facts are necessary for the Court to resolve Plaintiff's claim. As such, the Court will allow Plaintiff's claim to proceed for further development. In doing so, the Court expresses no opinion on the ultimate outcome of this action.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The Clerk of Court shall **prepare and issue a summons for Defendant Hardin County at the following address: Hardin County Attorney, 109 E. Dixie Ave, Elizabethtown, KY 42701.** The United States Marshal is **DIRECTED** to serve a copy of the complaint and summons on Defendant Hardin County at this address in accordance with Rule 4 of the Federal Rules of Civil Procedure.

(2) The answer to the complaint shall be filed no later than **21 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **October 1,**

**2010**. As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his claim. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(5) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(6) No later than **October 31, 2010**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against Defendant.

(7) No later than **November 30, 2010**, Defendant shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P.

---

[1] The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

56.

(8) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **November 30, 2010**.

(9) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(10) Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* L.R. 5.2(d).

(11) Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:


cc: Plaintiff, *pro se*
      Defendants
      Hardin County Attorney
4412.008