UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JERMAINE LAMAR KIRKLAND**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:10CV-P308-H**

**HARDIN COUNTY DETENTION CENTER**   **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant Hardin County's motion for summary judgment. Fully briefed, this matter is ripe for decision. For the reasons that follow, the Court will grant the motion and direct the Clerk of Court to enter judgment in Defendant's favor.

**I. PROCEDURAL HISTORY**

Plaintiff, Jermaine Lamar Kirkland, a convicted inmate currently incarcerated at the Kentucky State Penitentiary, acting *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. He sued the Hardin County Detention Center (Detention Center) in its official capacity. His complaint alleges that the Detention Center prevented him from telephoning his attorney and misplaced a discovery packet that his attorney had mailed to him. On initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court construed Plaintiff's claims against the Detention Center as claims against Hardin County. *See Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court then concluded that more facts were necessary

for it to resolve Plaintiff's claims. As such, it allowed Plaintiff's claims to proceed for further development. The parties have since engaged in a substantial amount of discovery, and the claims now appear to be fully developed.

## II. FACTUAL BACKGROUND

On September 30, 2008, Plaintiff was indicted by a Hardin County Grand Jury for the offenses of murder, robbery, tampering with physical evidence, and burglary. On the same day, he was also indicted on separate charges of assaulting a police officer and attempting to escape from custody during a doctor's visit on September 10, 2008. Public Defenders Shelia Kyle-Reno and Kristin Pollock were appointed to represent Plaintiff in both actions. On April 10, 2009, the Hardin Circuit Court scheduled Plaintiff's criminal trial for the murder and related charges to begin on April 5, 2010. Plaintiff's trial for the charges arising out of his escape attempt was scheduled for October 19, 2009.

During the relevant time period, Plaintiff was held as a pretrial detainee in the Hardin County Detention Center. He states that after his attempted escape the Detention Center classified him as "a very high escape risk" and "made a rule" that two guards had to escort Plaintiff at all times. Plaintiff says that "when it was time for lawyer call, I was either told the guards had to check with the captain of the jail, or they didn't have two guards available to escort me to the phone." Plaintiff claims that this continued until he was transferred to the Eastern Kentucky Correctional Complex on August 7, 2009.

In addition to his complaints about not being allowed to phone his attorneys, Plaintiff also states that his attorneys mailed him a "discovery packet" that was either intentionally or negligently misplaced by Detention Center employees. One of his attorneys subsequently

hand-delivered him another packet after he alerted them that he had not received the first packet.

On August 14, 2009, Plaintiff motioned the Hardin Circuit Court to allow him to enter a guilty plea in both criminal actions. As part of his motion, Plaintiff affirmatively acknowledged in open court: "I have reviewed a copy of the indictment and told my attorney all facts known to me concerning my charges. I believe he/she is fully informed about my case. We have discussed and I understand my charges and any possible defenses to them." His counsel, Ms. Kyle-Reno, also averred that she had fully discussed Plaintiff's criminal cases with him. On October 13, 2009, after giving Plaintiff an opportunity to speak, the Hardin Circuit Court entered guilty judgments and sentenced him in accordance with his plea agreements.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than

raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Id.* The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

## IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

The Supreme Court has held that a civil rights plaintiff suing a municipal entity under 42 U.S.C. § 1983 must show that his injury was caused by a municipal policy or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A county is considered a municipal entity for the purposes of § 1983. *L.A. Cnty. v. Humphries*, --U.S.--, 178 L. Ed. 2d 460 (2010). "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010).

### A. Misplaced Discovery Packet

A prisoner has a substantive right under the First Amendment to receive legal mail. *Muhammad v. Pitcher*, 35 F.3d 1081, 1984-85 (6th Cir. 1994). Plaintiff, in support of his official-capacity, interference-with-legal-mail claim, has alleged only one instance in which a piece of legal mail was not timely delivered to him. Plaintiff has failed to show that any official policy of Defendant Hardin County caused the mail in question to be misplaced. Rather, Plaintiff suggests that some unknown officer intentionally or negligently mishandled his mail. As Plaintiff has not put forth any evidence to connect the conduct at issue with a policy or custom, Defendant is entitled to summary judgment on this claim.

Additionally, in the Sixth Circuit, to prevail on a "substantive due process claim under the First Amendment for denial of access to the courts by interfering with [] legal mail" a prisoner must establish that the conduct at issue "affected his access to the courts." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). Plaintiff has made no such showing. In fact, the record establishes precisely the opposite. Plaintiff's criminal-defense counsel testified in her deposition that once she was notified by Plaintiff that he had not received the discovery packet, she personally delivered him another packet. This occurred well before Plaintiff pleaded guilty. Plaintiff has failed to demonstrate that the delay in receiving the discovery packet actually affected his criminal proceedings in any way.

### B. Phone Calls to Counsel

The Court finds that Plaintiff has demonstrated the existence of a policy in this case as it appears from the record that the Detention Center policy required two officers to escort certain high-risk offenders. Plaintiff asserts that this policy prevented him from calling his counsel

5

because the Detention Center was chronically understaffed such that an additional officer was never available to escort him during the times inmates were permitted to use the telephone.

Having identified a policy, the Court must next determine whether sufficient evidence exists to place before a jury the question of whether this policy violated Plaintiff's constitutional rights.  Quite recently, in a very similar case, the Sixth Circuit held that to prevail on a constitutional claim arising out of a jail's suspension of all telephone privileges in response to inmate conduct, a plaintiff must establish prejudice.  *Stamper v. Campbell Cnty.*, 415 F. App'x 678 (6th Cir. 2011).  A court may presume prejudice only if there has been "a complete denial of counsel during a critical stage of the criminal proceeding."  *Id.* at 679 (quoting *Peters v. Chandler*, 292 F. App'x 453, 464 (6th Cir. 2008)).  Here, Plaintiff has not presented any proof that his inability to phone his counsel prejudiced him.  In fact, his sworn statements in his plea agreement indicate that he was provided with ample opportunity to discuss the charges and evidence against him as well as any available defenses.  His defense counsel testified that she met with Plaintiff personally at the jail many times and that it was her preferences to meet with her inmate clients in person rather than to deal with them over the telephone.  She also testified that she did not believe that the restrictions placed on Plaintiff impeded her ability to adequately represent him.

Furthermore, this is not a case where the Court can presume prejudice.  First, the restrictions Hardin County placed on Plaintiff did not result in a "complete denial of counsel." While Plaintiff may not have been able to speak with counsel over the telephone, he was able to meet and discuss his case with her on several different occasions.  Second, the time period at

issue was not a "critical stage" in the criminal proceedings. *Stamper*, 415 F. App'x at 680 (holding that time between arraignment and the days prior to a plea does not qualify as a critical stage because they lack a "trial-like confrontation").

Thus, because Plaintiff has not demonstrated prejudice and it cannot presumed under the facts of this case, Defendant is entitled to summary judgment on this claim as well.

## V. ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Hardin County's motion for summary judgment (DN 52) is **GRANTED**. The Court will direct the Clerk of Court to enter a separate Judgment in favor of Defendant.

Date:



cc:    Plaintiff, *pro se*
       Counsel of Record
4412.008